UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVIE ALLAN WEST,

    Plaintiff,

v.                                                    Case No. 17-C-1262

SHERIFF JOHN MATZ, *et al.*,

    Defendants.

## SCREENING ORDER OF AMENDED COMPLAINT

Plaintiff Stevie West, who is a pretrial detainee at Winnebago County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On October 12, 2017, the court granted West's motion to proceed *in forma pauperis*. ECF No. 9. The court also dismissed the complaint for failure to state a claim and granted West the opportunity to amend his complaint before November 8, 2017. *Id.* On November 2, 2017, West filed this amended complaint. The matter is now before the court to screen West's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

To state a claim for deliberate indifference to medical care, a prisoner must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm and (2) the defendants were aware of the risk and intentionally disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 842 (1970). Although *Farmer* established the deliberate indifference to medical care standard for a prisoner, pretrial detainees are entitled to the same sort of protection as convicted inmates. *See Williams v. Romana*, 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).[1] A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician mandating treatment or . . . is so obvious that even a lay person would

---

[1] The difference arises because pretrial detainees are not covered by the Eight Amendment, like convicted prisoners are. *See Williams*, 411 F. App'x at 901 n.1. Therefore, pretrial detainees receive their protections under the Fourteenth Amendment's Due Process Clause. *Id*. (citing *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010)).

perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted). Evidence of negligence, medical malpractice, or even gross negligence does not equate to deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Furthermore, dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient. *Id*.

West's original complaint for deliberate indifference to a serious medical need was dismissed because West failed to give notice to defendants about what specific actions or inactions they took that gave rise to his claims of deliberate indifference. On November 2, 2017, West filed an amended complaint against Dr. Ken Anuligo, Nurse Beverly, and Sheriff John Matz. ECF No. 20. In his amended complaint, West alleges that his injury to his back and neck occurred on August 5, 2017, but he was not seen by the doctor until August 16. *Id*. at 3. West alleges that Dr. Anuligo ordered x-rays on August 17, which came back on August 18. *Id*. West admits that the x-rays showed nothing wrong with his neck. *Id*. He also received a prescription of naproxen for his neck and back pain. *Id*. On August 30, 2017, West saw Dr. Anuligo again and he was supposed to order more x-rays after six weeks. *Id*. On October 11, 2017, West saw Dr. Anuligo again, who decided to delay x-rays for another four weeks. *Id*. He alleges that Nurse Beverly is the "gatekeeper," who has responded to all of his requests. *Id*. at 2. West makes no specific factual allegations against Sheriff Matz. *Id*. at 2–3.

West fails to state a claim for deliberate indifference to his medical needs. First, he fails to establish a serious medical need. From his complaint, it appears his neck is stiff and sore. However, West admitted that his x-rays showed no injury. Given the relatively brief time that has passed since the incident giving rise to the problems he alleges, the conservative treatment provided is hardly unreasonable. Federal courts are not set up to micro-manage medical care within state prisons or

3

jails. If West's pain worsens or continues over a long period of time without improvement and his custodian fails to follow-up with additional diagnostic testing and/or treatment, he may eventually have a claim of deliberate indifference. At this point, however, he has failed to alleged facts sufficient to support a plausible claim of a serious medical need.

Furthermore, West fails to allege deliberate indifference because West is receiving medical treatment—he just disagrees with it. West has been seen by the jail nurse and the doctor on multiple occasions. West admits that the doctor has reviewed his x-rays and found nothing wrong with him. West admits that the doctor has proscribed him Naproxen for his pain. West also admits that Nurse Beverly has provided him with an extra blanket for neck support. This shows responsiveness—not indifference— by Nurse Beverly and Dr. Anguligo to West's injury complaints.

West's disagreement with his nurse's and doctor's proscribed medical treatment plan is insufficient to state a claim for deliberation indifference. *Snipes v. De Tella*, 95 F.3d 586, 591 (7th Cir. 1996) ("Medical decisions that may be characterized as 'classic examples of matters for medical judgment' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview. Such matters are questions of tort, not constitutional law.") (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[Plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Despite West's instance that defendants have been deliberately indifferent to his medical needs, his allegations show that they have been responsive, but that West disagrees with their course of treatment. Therefore, West has failed to state a claim for deliberate indifference against Nurse Beverly or Dr. Anuligo, so those claims are dismissed.

4

Furthermore, West fails to bring a claim of deliberate indifference against Sheriff Matz. West alleges no factual allegations against Sheriff Matz. In order to recover damages under § 1983, "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Sheriff Matz may not be held liable under a respondeat superior or negligent supervision because neither of those are grounds for liability under 42 U.S.C. § 1983. *Wilson v. City of Chi.*, 6 F.3d 1233, 1241 (7th Cir. 1993). Therefore, West's claim against Sheriff Matz is dismissed.

West has failed to state a claim of deliberate indifference to a serious medical need against any of the defendants he has named. Because West has already had an opportunity to amend his complaint to cure his deficiencies and he failed to cure the deficiencies, his action is dismissed with prejudice for failing to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is

transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**SO ORDERED** this   7th   day of November, 2017.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court